# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, 61ST FLOOR
NEW YORK, NY 10118

TEL 212.687.7410
FAX 212.687.3285
WWW.CBDM.COM

April 28, 2023



**Via ECF**
Honorable Jennifer H. Rearden, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007

Re:   *Trustees of the Local 854 Pension Fund et al. v. Kenneth Barrett et al.*
      Case No. 1:23-cv-01160-JHR

Dear Judge Rearden:

We represent defendants Kenneth Barrett ("Mr. Barrett"), Gina Barrett, Kerry Barrett and 745 Whittier Street LLC (collectively the "Defendants") in the above-referenced action. We respectfully request that discovery be stayed pending decision on Defendants' anticipated motion to dismiss. Defendants will raise arguments that cast serious doubt on the viability of Plaintiffs' claims. Even if the motion does not end the litigation, decision on the motion is certain to narrow the scope of discovery, which would otherwise be enormously broad and burdensome for Defendants. In contrast, the short stay contemplated by decision on the motion will not prejudice Plaintiffs. Weighing these factors, a stay is warranted.

Briefly, this is the third of three related actions these Plaintiffs have brought, all of which attempt to collect delinquent contributions and withdrawal liability pursuant to ERISA owed by non-party Advance Transit Co., Inc. ("Advance Transit"). *See* Compl., Dkt. 1, ¶ 1. The first, EDNY Civil Case No. 2:19-cv-4240 (JS)(ARL), sought unpaid benefit fund contributions (the "Delinquent Contributions Action"), while the second, EDNY Civil Case No. 2:20-cv-5186 (DRH)(ARL), sought unpaid withdrawal liability (the "Withdrawal Liability Action"). Plaintiffs resolved the Delinquent Contributions Action, obtaining consent judgment. *See* 2:19-cv-4240, Dkt. 23. Plaintiffs moved for default relative to the Withdrawal Liability Action, which was entered on December 17, 2021. *See* 2:20-cv-5186, Dkt. 14. Having deliberately plotted a course in

Hon. Jennifer H. Rearden, U.S.D.J.
April 28, 2023

litigation to obtain these final judgments, the Funds now bring this third action, attempting to correct prior missteps and collect on Advance Transit's liabilities against Mr. Barrett, Advance Transit's owner, Gina and Kerry Barrett, Advance Transit's two former employees, 745 Whittier, which the Funds contend was a related business, and other unidentified individuals and companies. Defendants have strong grounds for dismissal and anticipate a fully dispositive motion. Pursuant to FED. R. CIV. P. 26(c), a court has broad discretion to stay discovery "for good cause shown." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). In evaluating whether to stay discovery due to a pending motion to dismiss, courts consider: (1) whether the movant has made a strong showing that the non-movant's claims are unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). Here, each factor weighs in favor of a stay.

I.  **Plaintiffs Will Suffer No Meaningful Prejudice from a Limited Stay**

Because some delay is inherent in any stay, the "passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery […] [o]therwise, stays of discovery would never be granted." *O'Sullivan v. Deutsche Bank AG*, No. 1:17-cv-8709(LTS)(GWG), 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018). This is particularly true here, where the Funds began litigating the core dispute in this matter nearly four years ago and their claims concern conduct from 2019 and as far back as 2014. This action is also in its earliest stages: the Complaint was only filed two months ago, *see* Dkt. 1; the initial pretrial conference was held just last week, *see* Dkt. 19; and Defendants are not due to respond to the Complaint for another ten days, *see* Dkt. 13. Courts have found no prejudice to plaintiffs from a stay of discovery even where proceedings were significantly further advanced. *See Spinelli v. Nat'l Football League*, No. 1:13-cv-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (no undue prejudice in a nearly two-year old case); *Shulman v. Becker*

- 2 -

Hon. Jennifer H. Rearden, U.S.D.J.
April 28, 2023

*& Poliakoff, LLP*, No. 1:17-cv-9330(VM)(JLC), 2018 WL 4938808, at *4 (S.D.N.Y. Oct. 11, 2018) (no prejudice where case was "not even a year old"). As Defendants will show in their motion papers, the claims now raised could have been asserted in the Funds' prior actions (and customarily are asserted by multiemployer plans under similar circumstances), years ago. The Funds' decision to wait to proceed until now proves there is no genuine urgency in seeking discovery, and a delay will not prejudice them. The first factor strongly weighs in favor of a stay.

## II. The Expected Discovery Unduly Burdens Defendants and Is Likely Unnecessary

The primary defendants in interest, Mr. Barrett and Gina and Kerry Barrett, are individuals, responsible for the cost of their own defense, in contrast with the Funds, which are sophisticated entities with a budget earmarked for litigation. In a proceeding of this type, the parties do not share discovery burdens equally; virtually all evidence likely to be relevant to either Parties' claims and defenses are within the custody of Defendants or their agents. Added to this burden, the Funds' already-served demands seek extraordinarily broad disclosures,[1] including, *inter alia*, extensive business and financial records, not only from Advance Transit, but from any enterprise of any kind in which Mr. Barrett had any interest, from January 1, 2018, to date. The Funds have also sought five years of personal tax returns from each of the named defendants. Responding to Plaintiffs' demands will require Defendants to incur substantial legal fees. Given these realities, there can be no question that Defendants will be burdened, likely unnecessarily, should discovery simultaneously with motion briefing. *See Spencer Trask*, 206 F.R.D. at 368 ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."). Further, deciding the motion is likely to either obviate, or significantly narrow, the scope of discovery. *See Spinelli*, 2015 WL 7302266, at *2 ("a stay may also […] simplify[] and shorten[] discovery in the event that some of Plaintiffs' claims are dismissed and others survive,

---

[1] Defendants reserve all objections to Plaintiffs' discovery demands.

Hon. Jennifer H. Rearden, U.S.D.J.
April 28, 2023

by limiting the scope of the parties' inquiry to claims […] established as potentially viable.") Finally, permitting discovery to go forward where a motion to dismiss is forthcoming and this Court has not yet evaluated whether claims are viably stated or barred on other grounds, is enormously prejudicial to Defendants and subverts the well-established premise that defendants should not be subjected to the cost and burden of discovery unless plaintiffs have demonstrated a right to relief. *Main St. Legal Servs. v. NCS*, 811 F.3d 542, 567 (2d Cir. 2016). The second factor strongly favors a stay.

### III. Defendants Motion Will Likely Result in Dismissal of Plaintiffs' Claims

Here, while neither party has yet briefed the anticipated motion, a Court should still exercise its discretion to impose a stay where a movant raises arguments that are "potentially dispositive, and [appear] to be not unfounded in the law." *Valentini v. Grp. Health Inc.*, No. 1:20-cv-9526 (JPC), 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021); *accord Spinelli*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (a stay warranted where "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motion[] to dismiss"). Defendants have strong, potentially dispositive arguments that cast serious doubt on the viability of most, if not all, of Plaintiffs' claims.

Certain of Plaintiffs' claims are barred under the doctrine of *res judicata*, which applies where: (1) a previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). Each of those elements applies to, *inter alia*, all four causes of action asserted under ERISA (Counts I, II, IX and X). Default judgments, such as the judgments in the Delinquent Contributions and Withdrawal Liability Actions, are final adjudications on the merits. *See La Barbera v. J F H Mak Trucking, Inc.*, No. 98-cv-7291 (SJ)(RLM), 2007 WL 1827833, at *2 (E.D.N.Y. June 22, 2007); *Gesualdi v. VLF11 Mgmt. Corp.*,

Hon. Jennifer H. Rearden, U.S.D.J.
April 28, 2023

No. 11-cv-4083(ARR), 2013 WL 1192986, at *3 (E.D.N.Y. Feb. 28, 2013). Similarly, it is well-established that corporate officers—in particular, an individual operating as a sole owner and director of a corporation—are in privity with the corporation for which they work. *See Burberry Ltd. v. Horowitz*, No. 1:12-cv-1219(PAC), 2012 WL 5904808, at *3 (S.D.N.Y. Nov. 26, 2012). Mr. Barret, who the Funds have pleaded "exercised complete dominion and control over Advance Transit" (Compl., Dkt. 1, ¶ 3), is unquestionably in privity with Advance Transit, as are Gina and Kerry Barrett, Advance Transit's two other officers.

The Funds' claim that Mr. Barrett, or any other officers with control over Fund assets, breached fiduciary obligations by failing to safeguard those assets (Count I, Count IX) or by making transactions meant to evade or avoid liabilities (Count II). Although these claims are novel, they are "still based on the same series of transactions and occurrences under which the original claim arose." *I.L.G.W.U. Nat. Ret. Fund v. Meredith Grey, Inc.*, 190 F.R.D. 324, 329 (S.D.N.Y. 1999) (holding that claims alleging violation of the "evade or avoid" provision of ERISA, 29 U.S.C. § 1392(c), arise from the same transaction as a claim for liabilities under the statute). Similarly, claims for withdrawal liability against fictious entities alleged to be under common control with Advance Transit (Count X), "derive from the same transaction, namely, the contract with [Advance Transit] embodied in the collective bargaining agreement," upon which these Funds have already brought suit. *King v. Galluzzo Equip. & Excavating, Inc.*, No. 1:00-cv-6247 (ILG), 2001 WL 1402996, at *9 (E.D.N.Y. Nov. 8, 2001). "[M]ultiple claims based upon a single contract are considered part of the same transaction unless [Plaintiffs] could not have asserted a claim in the original action." *Hanley v. Aperitivo Rest. Corp.*, No. 1:97-cv-5768 (MBM), 1998 WL 307376, at *3 (S.D.N.Y. June 11, 1998). No such impossibility was present here.[2]

---

[2] We anticipate the Funds will argue that Courts should not apply *res judicata* to collection suits following default judgment against new defendants that could be jointly and severally liable for those liabilities. *See, e.g., Trustees of Loc. 813 Ins. Tr. Fund v. Rogan Bros. Sanitation Inc.*, No. 1:12-cv-6249(ALC)(HBP), 2018 WL 1587058, at *11 (S.D.N.Y. Mar. 28, 2018). As Defendants will demonstrate in their anticipated motion papers, the *Rogan Bros.* holding is, at best, wrongly decided, unpersuasive authority, which misstates the law in this Circuit and

Hon. Jennifer H. Rearden, U.S.D.J.
April 28, 2023

Defendants also anticipate dismissal under FED. R. CIV. P. 12(b)(1). Should this Court dismiss the four causes of action that are unquestionably barred by *res judicata*, this Court will be deprived of jurisdiction over the remainder of the claims. Plaintiffs' Counts VII and VIII (alter ego liability and piercing the corporate veil) are unquestionably claims that "seek to hold nonparties liable for a judgment on a theory that requires proof on facts and theories different from those underlying [a federal judgment]," *Knox v. Orascom Telecom Holding S.A.E.*, 477 F. Supp. 2d 642, 648 (S.D.N.Y. 2007), and this Court's ancillary enforcement jurisdiction does not extend to third parties and such claims cannot proceed in this forum on that basis. *Est. of Ungar v. Orascom Telecom Holding S.A.E.*, 578 F. Supp. 2d 536, 551 (S.D.N.Y. 2008).

Finally, even should Plaintiffs claims not be barred by res judicata or for lack of jurisdiction, the allegations pleaded do not contain sufficient factual matter, even accepted as true, to state facially plausible *prima facie* claims for many of the causes of action, as Defendants will set forth in greater detail in the anticipated briefings. In particular, Counts IX and X, alleging breach of fiduciary duty and controlled group liability, respectively, against unknown, unidentified individuals and entities, contain solely "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," of precisely the type found to be facially defective under Fed. R. Civ. P. 8(a)(2). *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *cf.* Compl., Dkt. 1, ¶¶ 24, 25, 93-99. Aside from recitation of labels and conclusions, the Complaint is devoid of any allegation (e.g., an allegation that Mr. Barrett was known to own or participated in at management of at least one as yet unidentified business), that might show "more than a sheer possibility that a defendant acted unlawfully." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556. For this and other failures, these claims must be dismissed. This third factor also weighs in favor of a stay.

Accordingly, Defendants respectfully request that the Court stay all discovery pending

---

exclusively cites cases from jurisdictions that do not apply New York's transactional analysis for *res judicata*. *C.f. Gesualdi v. VLF11 Mgmt. Corp.*, No. 11-cv-4083 (ARR), 2013 WL 1192986, at *4 (E.D.N.Y. Feb. 28, 2013).

Hon. Jennifer H. Rearden, U.S.D.J.
April 28, 2023

final determination on Defendants' anticipated motion to dismiss. We thank the Court for its consideration of this request.

                                            Respectfully Submitted,

                                            CLIFTON BUDD & DeMARIA, LLP
                                            *Attorneys for Defendants*

                            By:    Stephen P. Pischl

cc:    **VIA ECF**
      PROSKAUER ROSE LLP
      *Attorneys for the Plaintiffs*

      PIERCE & KWOK LLP
      *Attorneys for Defendants*

Defendants' request to stay discovery is DENIED without prejudice.  Defendants have not demonstrated "good cause" for a stay.  *Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (explaining that courts evaluate good cause based on, *inter alia*, "the breadth of discovery and the burden of responding to it").  Although Defendants argue they will be "burdened, likely unnecessarily," by Plaintiffs' discovery requests, ECF No. 22, they have "not provide[d] any details regarding either the scope of this discovery or its cost," *Shulman v. Becker & Poliakoff, LLP*, No. 17 Civ. 9330 (VM) (JLC), 2018 WL 4938808, at *3 (S.D.N.Y. Oct. 11, 2018) (denying stay as to non-deposition discovery where defendant argued "outstanding discovery" would "force [it] alone to incur thousands upon thousands of dollars in additional defense costs").  Defendants' assertions that Plaintiffs seek "extraordinarily broad disclosures," including "extensive business and financial records" from "any enterprise of any kind in which Mr. Barrett had any interest, from January 1, 2018, to date," ECF No. 22 at 3, lack sufficient particulars as to "the breadth of discovery and the burden of responding to it" to support a stay. *Spinelli*, 2015 WL 7302266, at *2.  In accordance with the Court's Individual Rules and Practices in Civil Cases, Defendants may file a letter-motion as needed in connection with any future dispute(s) regarding the scope of discovery.  By **August 24, 2023**, the parties shall file a joint proposed Case Management Plan and Scheduling Order in accordance with the Court's Rules.
The Clerk of Court is directed to terminate ECF No. 22.  SO ORDERED.

*Jennifer H. Rearden*

August 10, 2023