**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
TRUSTEES OF THE LOCAL 854
PENSION FUND, *et al.*

                       Plaintiffs,

             -against-

BARRETT, *et al.*

                       Defendants.
------------------------------------------------------------------X

**ORDER**

**23-cv-1160 (JHR) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

In this ERISA action, the Parties filed several letters detailing numerous discovery disputes. See Dkt. Nos. 65–72, 76, 88–90, 95–97, 113. In January, the Court held a discovery conference that touched on some, but not all, of these issues. Dkt. No. 78. Since then, Plaintiffs filed a Motion to Amend, and Defendants each filed a Motion to Dismiss. Dkt. Nos. 102, 107, 110. The Motion to Amend and the Motions to Dismiss remain pending before Judge Rearden. Discovery and general pre-trial matters have been referred to this Court. Dkt. No. 53.

The Parties identify many discovery disputes. See generally Dkt. Nos. 65–72, 76, 88–90, 95–97, 113. The Court will address each in turn.

### I. Rule 30(b)(6) and the Fund

Defendant Ken Barrett noticed the Plaintiff Trustees of the Local 854 Pension Fund for a 30(b)(6) deposition. Dkt. No. 94-1. Plaintiffs object categorically, asserting that Trustees of a Pension Fund cannot be noticed for a 30(b)(6) deposition as "the Trustees are individuals, and therefore, may not be deposed as an 'entity' that must designate a witness to provide testimony of their collective knowledge." Dkt. No. 94.

On the other hand, Defendants say, "Despite a good faith search, we have not identified a single case in which ERISA fund trustees even tried to avoid a 30(b)(6) notice, let alone one where the notice was quashed as improper." Dkt. No 71 at 2. Defendants identified "a handful of cases in which 30(b)(6) depositions had been noticed and taken in cases where Funds sued through their trustees as fiduciaries," which Defendants argue, "suggests 30(b)(6) notices are generally viewed as appropriate in this context." Dkt. No. 71 (citing Teamsters Union No. 142 Pension Trust Fund v. Cathie's Cartage, Inc., 2014 U.S. Dist. LEXIS 50912 at *6; 2014 WL 1414879, 11-cv-374 (N.D. Ind. April 11, 2014); Chi. Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc., 2023 U.S. Dist. LEXIS 12657 at *4, 2023 WL 415542, 19-cv-2965 (N.D. Ill. Jan. 25, 2023); Lynch v. Nat'l Prescription Adm'rs, Inc., 2019 U.S. Dist. LEXIS 20172 at n14, 03-cv-1303 (S.D.N.Y. Jan. 31, 2019)). Thus, this appears to be a case of first impression.

First, the text of Rule 30(b)(6) is extremely broad: "a party may name as the deponent a public or private corporation, a partnership, **an association**, a governmental agency, or **other entity**." See Fed. R. Civ. P. 30(b)(6)(emphasis added). By its plain terms, the Rule encompasses "other entit[ies]" such as a pension fund. Id.

Second, the purpose of Rule 30(b)(6) also weighs in favor of permitting a 30(b)(6) deposition. The commentary to the Federal Rules discussing the 1970 Amendment adding Rule 30(b)(6) explains the rule is intended to "curb the bandying by which officers or managing agents of a corporation are deposed in turn but each

2

disclaims knowledge of facts that are clearly known to persons in the organization." See Fed. R. Civ. P. 30(b)(6), *Advisory Committee's Note to 1970 Amendments*, Federal Civil Judicial Procedure and Rules, Rev. Ed. (2024) at 162–163.

This purpose behind Rule 30(b)(6) applies equally to pension funds, corporations, and "other entit[ies]." Id. If the Rule were interpreted otherwise, then each Trustee could disclaim knowledge of matters that someone within the fund certainly has knowledge of. Rather than noticing each Trustee in an attempt to decipher which Trustee is knowledgeable on each specific issue, for topics described with sufficient particularity, the Fund itself should identify which person is best suited to provide that information. As the commentary explains, this approach is not only for the requesting party's benefit but also for the benefit of the producing party: "The provision should also assist corporations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge." Id.

Therefore, a pension fund may properly be noticed under Rule 30(b)(6), even if only participants, beneficiaries, fiduciaries, and the Secretary of Labor may sue for damages on behalf of the plan. See ERISA, § 502(a)(2) and (d); 29 U.S.C. §1132.

**II. Proposed 30(b)(6) Topics**

It is "well settled that a witness appearing pursuant to a Rule 30(b)(6) notice has a unique status and testifies as the entity, not as an individual." Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc., No. 01-CV-3016(AGS)(HB), 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002). A 30(b)(6) witness testifies to the

"corporation's position on the matters set forth in the deposition, not his personal opinion." See 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, *Federal Practice & Procedure* § 2103 (3d ed.). Thus, a deposition pursuant to Rule 30(b)(6) is "substantially different from a witness's deposition as an individual." Id. A 30(b)(6) witness "testifies as a representative of the entity, his answers bind the entity, and he is responsible for providing all the relevant information known or reasonably available to the entity." Sabre v. First Dominion Capital, LLC, 01 Civ. 2145(BSJ)(HBP), 2001 WL 1590544 at *1 (S.D.N.Y. Dec. 12, 2001). "Unlike all other depositions, there is an implicit obligation to prepare the witness." See 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, *Federal Practice & Procedure* § 2103 (3d ed.). The deponent "need not have personal knowledge concerning the matters set out in the deposition notice," but when a deponent lacks such knowledge, "the corporation is obligated to prepare them so that they may give knowledgeable answers." Starr Indem. & Liab. Co. v. Water Quality Ins. Syndicate, 320 F. Supp. 3d 549, 563 (S.D.N.Y. 2018)(Engelmayer, J.). For this reason, "notices of 30(b)(6) depositions must describe the topics on which testimony is sought with reasonable particularity." Winfield v. City of New York, No. 15 Civ. 5236 (LTS) (KHP), 2018 WL 840085, at *4 (S.D.N.Y. Feb. 12, 2018).

Courts have "considerable discretion in assessing whether topics have been noticed with *reasonable particularity*." Seliger v. Breitbart News Network, LLC, No. 20 CV. 2860 (ER), 2021 WL 707063, at *1 (S.D.N.Y. Feb. 22, 2021) The factors courts consider include: "(1) the nature of the topics; (2) whether the descriptions of the

4

topics include examples of questions and clarifying information such as references to specific named policies, documents, incidents, and the like; and (3) whether a reasonable person reading the notice would understand how to prepare for the deposition." Id.

Plaintiffs object to "all but two ((v) and (vi)) of the topics." Dkt. No. 94 at 2. The Court will discuss each topic.

- **Topics (i), (vii)–(xii) & (xx)**

Defendants asked Plaintiffs "to identify and make available for deposition the person(s) knowledgeable of '(i) Plaintiffs' knowledge concerning Advance Transit Co. Inc.'s operational status between January 2019 and January 2021, and when and how that knowledge was acquired…(vii) Plaintiffs' knowledge concerning the person or persons in management control of Advance Transit Co. Inc., and when and how that knowledge was acquired, (viii) Plaintiffs' knowledge concerning the person or persons with discretion to cause Advance Transit Co. Inc. to pay contributions or withdrawal liability owed to the Funds, and when and how that knowledge was acquired, (ix) Plaintiffs' knowledge concerning the person or persons at Advance Transit Co. Inc. with power to determine which creditors were paid and in what order, and when and how that knowledge was acquired, (x) Plaintiffs' knowledge concerning Advance Transit Co. Inc.'s failure to timely pay contributions owed to the Funds, and when and how that knowledge was acquired, (xi) Plaintiffs' knowledge concerning Advance Transit Co. Inc.'s failure to timely pay withdrawal liability to the Funds, and when and how that knowledge was acquired, (xii) Plaintiffs' knowledge

5

concerning Advance Transit Co. Inc.'s inability to pay the Delinquent Contributions Consent Judgment or Withdrawal Liability Default Judgment, and when and how that knowledge was acquired…(xx) Ken Barrett's knowledge of withdrawal liability gained as a trustee.'" Dkt. No. 94-1.

Plaintiffs object that these topics seek "Plaintiffs' knowledge" and because Defendants seek "testimony as to the personal knowledge of specific individuals…he must depose those individuals pursuant to Rule 30(b)(1)." Dkt. No. 94. Defendants point to SM Kids, LLC v. Google LLC, 2021 U.S. Dist. LEXIS 22445, 18-cv-02637 (S.D.N.Y. Feb. 5, 2021), for the proposition that "deposition topics seeking factual bases for claims and soliciting theories of damages are proper." Dkt. No. 95 at 2 (citing SM Kids, 2021 U.S. Dist. LEXIS at 22445).

Here, it is true that the deposition notice references paragraphs in the Complaint. Dkt. No. 94-1. Courts have made clear that generally, a corporate plaintiff must produce a 30(b)(6) witness to testify to matters alleged in the corporate entity's complaint. It "makes sense that a corporate plaintiff would be able to appoint a 30(b)(6) representative who could detail the corporation's position on allegations in a lawsuit the corporation initiated." See Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York, 2023 WL 8804257, at *4 (S.D.N.Y., 2023)(citing Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc., No. 01-CV-3016(AGS)(HB), 2002 WL 1835439 (S.D.N.Y. Aug. 8, 2002); Wiwa v. Royal Dutch Petroleum Co., No. 01-CV-1909(KMW)(HBP), 2006 WL 2637836 (S.D.N.Y. Sept. 12, 2006)).

However, as written, the deposition topics reference "knowledge" and only an individual could have such knowledge. The entity itself is not aware or unaware of anything. This is different from asking for an entity's formal position on a topic. It is "wholly improper to expect" the entity's witness to "learn what other individuals know" and "testify on their behalf." Benisek v. Lamone, 2017 WL 659929, at *2 (D.Md., 2017). This is especially so for topic (xx), which seeks Defendant "Ken Barrett's knowledge…" Dkt. No. 94-1 at 4.

Therefore, topics (i), (vii)–(xii), and (xx) are overly broad. Plaintiffs need not identify a witness to testify on these topics.

- **Topic (ii)**

Defendants seek "(ii) the interrogatory responses produced by Plaintiffs." Dkt. No. 94-1. A request seeking an entity witness to discuss "all discovery responses" has been held to be "overly broad and patently improper." BAT LLC v. TD Bank, N.A., 2019 WL 13236131, at *5 (E.D.N.Y., 2019). Thus, this topic too is overly broad.

- **Topics (iii), (iv), (xiii) & (xxiv)**

Defendants seek "(iii) evidence in support of factual allegations in paragraphs 4, 5, 8, 9, 11, 13, 24, 25, 30, 32, 33, 34, 35, 37, 38, 47, 51, 52, 53, 58, 64, 66, 67, 73, 77, 80, 81, 82, 83, 85, 94, and 98 of the complaint, (iv) facts and evidence of guarantees provided by Advance Transit Co. Inc. to Defendant 745 Whittier… (xiii) facts and evidence concerning Plaintiffs' claim of breach of fiduciary duty against Ken Barrett, and when and how that knowledge was acquired… and (xxiv) the location and general

contents of Plaintiffs' books and records concerning this action, and the custodians of relevant documents or groups of documents." Dkt. No. 94-1.

Plaintiffs allege that these topics "improperly encroach on attorney work-product protections by seeking to discover how counsel intends to prove the Trustees' claims." Dkt. No 94 (citing DDK Hotels, LLC v. Williams-Sonoma, Inc., No. 19-cv-226, 2022 WL 2702378, at *13–14 (E.D.N.Y. Feb. 11, 2022) (improper to seek "all facts and circumstances" underlying complaint allegations because it requires deponent to "marshal the evidence" in support of plaintiffs' claims); JPMorgan Chase Bank v. Liberty Mut. Ins. Co., 209 F.R.D. 361, 363 (S.D.N.Y. 2002) (improper to seek "precisely which" facts support defendants' claims because it is really seeking protected work product '[u]nder the guise of requesting 'facts'").

Defendants assert "Topic iii seeks evidence in support of factual allegations in specific paragraphs of the complaint. Topics iv and xviii concern Plaintiffs' claim that Advance Transit and 745 Whittier are alter egos…Topic xxiv concerns standard deposition inquiries on the identity of relevant witnesses and custodians of relevant documents." Dkt. No. 95-11. Further, Defendants argue "Plaintiffs misquote JPMorgan, which held the demands did not actually seek facts, BAT, which nixed a single topic that encompassed 'all discovery responses in this action,' and DDK, which endorsed depositions to obtain facts, and disapproved of a limited situation where a single demand effectively sought 'every possible fact relevant to the litigation" in a complex commercial case.'" Dkt. No. 95.

8

As these topics seek a witness to testify to *facts* alleged in the Complaint, these topics are described with sufficient particularity and Plaintiffs must produce a witness to describe them. See Local 3621 EMS, 2023 WL 8804257, at *4; Twentieth Century Fox, 2002 WL 1835439; Wiwa, 2006 WL 2637836; WAGSTAFFE PRAC. GUIDE: FED. CIV. PROC. BEFORE TRIAL § 34.431 ("Document requests frequently call for all documents that the responding party contends support specific allegations in its complaint. This request is not objectionable on the grounds that it calls for attorney work product.").

- **Topics (xiv), (xv) & (xviii)**

Defendants seek a witness to testify on the topics of "(xiv) any irregularities in Advance Transit Co. Inc.'s books, records and/or accounting, including but not limited to falsification of records, commingling of personal and business funds, inadequate capitalization, and failure to observe corporate formalities, (xv) Advance Transit Co. Inc. transfers that were made without fair consideration or not for value… (xviii) the relationship between Advance Transit Co. Inc. and Defendant 745 Whittier." Dkt. No. 94-1 at 4.

Plaintiffs object that Defendant must "must subpoena Advance Transit and/or 745 Whittier, the entities with the requisite knowledge." Dkt. No. 94 (citing Benisek, 2017 WL 659929, at *2.

These requests are more appropriately directed to Advance Transit Co. Inc. and Defendant 745 Whittier. Thus, Plaintiff need not produce a witness on these topics.

9

- **Topic (xvi)**

Defendants seek a witness to testify on "(xvi) when Advance Transit Co. Inc. ceased having an obligation to contribute to the Funds, and when and how Plaintiffs gained knowledge of the cessation." Dkt. No. 94-1 at 4. This topic too is better directed to Advance Transit and is improper to the extent it seeks "knowledge." Thus, Plaintiff need not produce a witness on this topic either.

- **Topics (xvii), (xix) & (xxi)**

Defendants seek a witness to testify on "(xvii) the circumstances, timing and support for the trustees' motions to remove Kenneth Barrett as trustee of the Local 854 Pension Fund and Local 854 Health & Welfare Fund…(xix) any prior claims by the Funds for breach-of-fiduciary duty for failure to pay contributions or withdrawal liability…(xxi) whether Advance Transit Co. Inc. withdrew from the Local 854 Pension Fund pursuant to an arrangement or agreement to withdraw, and if so, the facts and documents supporting that allegation by Plaintiffs." Dkt. No. 94-1.

Plaintiffs object that these topics relate to prior claims by Advance Transit and are the subject of an ongoing arbitration. Thus, the Plaintiffs argue that the Defendants should have sought this discovery "in that case." Dkt. No. 94. Simply because facts are more relevant to a different proceeding, does not mean that they are irrelevant to this proceeding. Defendants argue this topic is relevant to the proposed Motion to Amend and "Barrett's statute of limitations defense to the critical breach-of-fiduciary-duty claim." Dkt. No. 95-11. As discovery is permitted for

"any…matter that is relevant to a party's claim *or defense*," Plaintiffs must produce a witness to testify on these topics. Fed. R. Civ. P. 26(b)(1).

- **Topics (xxii) & (xiii)**

Defendants seek a witness to discuss "(xxii) the current operational status of the Local 854 Pension Fund, including whether it has experienced a termination mass withdrawal, whether it has terminated, the number of participants in the fund in the current plan year and each of the past three plan years, and the number of contributing employers in the current plan year and each of the past three plan years, (xxiii) the current operational status of the Local 854 Health & Welfare Fund, including whether it has terminated, its liability to pay plan benefits (if any), its unpaid debts (if any), the number of participants in the fund in the current plan year and each of the past three plan years, and the number of contributing employers in the current plan year and each of the past three plan years."

Plaintiffs object that this topic relates to a "frivolous" standing argument. Dkt. No. 94. The Court doubts that Plaintiffs lack standing since terminated and non-operating plans have continued payment, reporting, and operational obligations, and the Trustees' allege a monetary injury, which generally suffices for Article III standing. TransUnion LLC v. Ramirez, 594 U.S. 413, 425 (2021); see, e.g., 29 U.S.C. §§ 1341a, 1441; Holland v. Murray, No. 21-cv567, 2023 WL 2645708, at *4 (D.D.C. Mar. 27, 2023). Nevertheless, this discovery is clearly relevant to a "defense" and is thus permitted. Fed. R. Civ. P. 26(b).

- **Topics (xxv) & (xxvi)**

11

Defendants seek "(xxv) information storage systems and document retention policies concerning communications with trustees, administrators, auditors and actuaries, and (xvi) the steps taken by Plaintiffs in searching for and producing documents and information in response to Defendants' discovery demands." Dkt. No. 94-1. Such "discovery on discovery" is disfavored and permitted only upon a showing that responsive documents were withheld or destroyed. See, e.g., In re Terrorist Attacks on Sept. 11, 2001, No. 3-md-1570, 2023 WL 4447869, at *8 (S.D.N.Y. July 11, 2023). No such showing has been made here. Thus, no 30(b)(6) witness needs to testify on this issue.

### III. Alleged Deficiencies in Plaintiffs' Production

Defendants allege that Plaintiffs' production is deficient. First, because Plaintiffs "executed an indiscriminate document dump of more than 3,000 pages" and did not "label the documents by Bates number." Dkt. No. 95. Second, because Plaintiffs allegedly did not search certain sources. Id. Third, Plaintiffs made relevance objections and refused to produce documents relating to Defendants' standing argument. Fourth, the Plaintiffs did not produce discovery on "what plaintiffs knew and when they knew it." Dkt. No. 95.

First, Plaintiffs shall produce the documents in Bates numbered format. Second, no discovery on discovery needs to be produced. Plaintiffs are obligated to produce requested, relevant discovery. If requested documents turn out to be in their possession, Defendants undoubtedly will move for sanctions. If Plaintiffs claim they are not in possession of requested documents, the Court takes that representation as

true until there is a reason to doubt that representation. See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., 328 F.R.D. 100, 118 (S.D.N.Y. 2018); see Yunjian Lin v. Grand Sichuan 74 St Inc., No. 15-CV-2950(JGLC)(JW), (S.D.N.Y. Oct. 2, 2023). Third, as discussed above, even if the standing argument is unlikely to prevail, documents relevant to the standing argument must be produced, as it is a "defense." Fed. R. Civ. P. 26(b).  Fourth, as discussed above, exactly when the trustees became aware of Advanced Transit's finances and operations is not a proper topic for a 30(b)(6) witness. However, discovery related to knowledge of Advanced Transit's operability is relevant to the standing defense and is the proper subject of 30(b)(1) depositions and document discovery. There may not be documents detailing internal knowledge, but if there are, those are discoverable.

**IV. Computation of Damages**

Defendants argue "Plaintiffs failed to provide a 'computation of any category of damages,' along with supporting documents."  Dkt. No. 95 (citing Design Strategy Inc. v. Davis, 469 F.3d 284, 295 (2d Cir. 2006). As an example, Defendants argue, "Plaintiffs assert that a $1.1 million judgment from October 2020 has already accrued a whopping $1.4 million in interest, without explanation." Dkt. No. 95 at 2.

Under Rule 26(a)(1)(A)(iii), Plaintiffs must provide "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation

13

is based, including materials bearing on the nature and extent of injuries suffered." Thus, Plaintiffs must produce the required computation of each category of damages.

## V. Remote Depositions

Plaintiffs have agreed to take remote depositions. Dkt. No. 94 at 1. However, Defendants ask that the Court direct "that all parties attend remotely from separate locations, via their own teleconferencing equipment." Dkt. No. 95.

The Court is disappointed that the Parties cannot agree on a method for remote depositions. It would be more cost-effective for the Parties to agree to permit depositions at the Plaintiff's law firm. Fed R. Civ. P. 1. There is no strong reason why there must be multiple locations reserved for each deposition. Moreover, there is an increased likelihood of technical issues with several different sets of videoconferencing equipment. Without any basis to suggest that Plaintiffs' counsel will interfere with the deposition, and no requirement in the Rules that the depositions be held in separate locations, the Court declines to increase costs without any strong reason to do so. This request is denied.

## VI. Accountant Subpoenas

Defendants object to Plaintiffs' subpoena to their accountants for tax returns. In a previous Order, the Court concluded that Plaintiffs "identified an inconsistency in Defendant Ken Barrett's deposition testimony" and thus "established a compelling need for the tax returns to test the veracity of Defendants' testimony." Dkt. No 75. Plaintiffs now seek to subpoena the accountants to ensure that what was provided is accurate. Plaintiffs have not identified a reason to doubt that the tax returns

14

Defendants provided would be inaccurate. Thus, without any reason to doubt that the documents already provided were accurate, seeking the same documents from the accountants would be duplicative. See Fed. R. Civ. P. 26(b); see Syntel, 328 F.R.D. at 118.

### VII. Discovery Relevant to Motion to Amend

Defendants object that Plaintiffs seek discovery related to their proposed Amended claims. As the Parties have agreed to extend all discovery deadlines until the Motion to Amend and the Motions to Dismiss are resolved, the Court will stay all discovery until those Motions are resolved. When Judge Rearden rules on the pending Motions, the Parties will better understand what discovery is likely to be relevant.

### VIII. Conclusion

As all discovery is stayed until the Motion to Amend and Motions to Dismiss have been ruled upon, **within ten days** of Judge Rearden's ruling on the Motions, the Parties shall provide a status update with agreed-upon proposed deadlines for completing discovery. When the Parties re-engage in discovery, they shall do so in compliance with this Order.

**The Clerk of the Court is respectfully requested to close Dkt. Nos. 95, 96, 97, and 113.**

SO ORDERED.

DATED:   New York, New York
         September 3, 2024

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge