# LAW OFFICES OF JENNIFER SMITH PLLC

One Liberty Plaza
165 Broadway, 23rd Floor
New York, NY  10006

(347) 342-2213

jsmith@jennifersmithlaw.com

January 16, 2026

*Denied.*

*Denise Cote*

*1/20/26*

**Via ECF**
Hon. Denise L. Cote, USDJ
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

> **RE:** ***Tr. of Local 854 Pension Fund, et al.. v. Barrett et al.***
> **Docket No. 23-CV-01160 (DLC) (JW)**

Dear Judge Cote,

This law firm represents Defendant Kenneth Barrett in the above-referenced action. Barrett writes to request a stay of various discovery and motion deadlines pending the upcoming settlement conference, or in the alternative, a 30-day adjournment of each deadline.  The pending deadlines are as follows:

First, on or about September 3, 2024, Judge Willis ordered the parties to submit a joint discovery plan within 10 days of the Court's ruling on the pending dispositive motions.  In light of Judge Cote's decision dated January 12, 2026 ("Order"), that filing is now due Thursday, January 22.

Second, on or about September 24, 2024, Judge Rearden granted Defendant Barrett an extension of time to file a Rule 72 motion until 14 days after the pending dispositive motions were resolved.  That filing is now due Monday, January 26.

Third, pursuant to Local Civil Rule 6.3, Defendants have 14 days to file a notice of reconsideration of the Order.[1]  That filing is now due Monday, January 26.

In total, two motions and a discovery plan are all due within the next five business days.

---

[1]    For example, the Court based its ruling in part on an incorrect statement that Advance had not timely filed for arbitration and therefore had waived all defenses. The Fund did not plead a waiver of arbitration.  And in fact, Advance timely demanded arbitration before Arbitrator Elliot Shaller at the AAA, Case No. 024-0005-9436.

Hon. Denise L. Cote
January 16, 2026

Meanwhile, on or about January 12, 2026, this Court referred the parties to settlement proceedings before Magistrate Judge Willis.

**Stay Pending Settlement Conference** -- In light of the upcoming settlement conference, Defendant Barrett seeks a stay of the three deadlines stated above (collectively, "Deadlines") until 21 days after the conclusion of any mediated settlement proceedings before Judge Willis.

Because the original debtor, Advance Transit, has been out of business since 2019, Plaintiff now seeks to recover from Mr. Barrett personally.  Mr. Barrett would find it economically challenging to pursue both settlement and litigation tracks simultaneously.  And as a practical matter, any funds expended on litigation are likely to reduce the funds available for settlement.

**Adjournment** – If the Court denies Barrett's request for a stay of all deadlines pending settlement efforts, Barrett alternatively requests a straight **30-day adjournment** of each pending deadline.  Barrett makes this request due to workflow issues for counsel.  It would be challenging, if not impossible, to complete all three filings in such a short timeframe, especially given the length of time since these matters were active.

Defendants 745 Whittier and Gina Barrett consent to Barrett's request for (i) a stay pending settlement, or (ii) in the alternative, a 30-day adjournment of each deadline.  Plaintiff Local 854 Pension Fund has not consented.

Respectfully submitted,

_s/ Jennifer S. Smith_____

Jennifer S. Smith